*E-Filed: June 5, 2014*

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br>  v.<br><br>MARCO FERNANDEZ,<br><br>  Defendant. | No. CR13-00527-2 EJD (HRL)<br><br>**ORDER GRANTING GOVERNMENT'S MOTION FOR PROTECTIVE ORDER**<br><br>**[Re: Docket No. 41]** |

Defendant Marco Fernandez and his brother were arrested by Watsonville police officers following a traffic stop during which the officers found methamphetamine. The Watsonville Police Department referred the case for federal prosecution by way of the Bureau of Alcohol, Tobacco, Firearms & Explosives ("ATF"). The parties now dispute whether the government must produce materials in possession of local law enforcement, namely audio and video footage of the traffic stop and arrest in the possession of the Watsonville Police Department. The government now moves for a protective order against production of such materials not in its possession in anticipation of Defendant's forthcoming motion to compel.

Federal Rule of Criminal Procedure 16(a) sets forth the government's disclosure obligations, including that "[u]pon a defendant's request, the government must disclose to the defendant . . . (i) any relevant written or recorded statement by the defendant if: the statement is within the government's possession, custody or control; and that attorney for the government knows—or through due diligence could know—that the statement exists." Fed. R. Crim. P. 16(a)(1)(B). "The

prosecutor will be deemed to have knowledge of and access to anything in the possession, custody or control of any federal agency participating in the same investigation of the defendant." *U.S. v. Bryan*, 868 F.2d 1032, 1036 (9th Cir. 1989). However, there is a "consistent Ninth Circuit rule that federal prosecutors are never deemed to have access to material held by state agencies." *U.S. v. Santiago*, 46 F.3d 885, 894 (9th Cir. 1995). Moreover, "the federal government [has] no duty to obtain from state officials documents of which it [is] aware but over which it [has] no actual control." *U.S. v. Chavez-Vernaza*, 844 F.2d 1368, 1375 (9th Cir. 1987)

The government has represented that neither the U.S. Attorney's Office nor the ATF has the requested audio and video footage. To the extent such materials exist, they are in the exclusive possession of the Watsonville Police Department. Thus, the materials are not in "government's possession, custody, or control" and the government has no obligation to obtain them from local law enforcement. Accordingly, the government has no obligation under Rule 16 to produce the material, and its motion for protective order is granted. *See* Fed. R. Crim. P. 16(d)(1) ("[T]he court may, for good cause, deny, restrict, or defer discovery or inspection, or grant other appropriate relief.").

**IT IS SO ORDERED.**

Dated: June 5, 2014

HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

**C13-00527 Notice will be electronically mailed to:**

Casey Thomas O'Neill     Casey.O'Neill@usdoj.gov

Steve Emery Teich     steve.teich@sbcglobal.net

Varell Laphalle Fuller     Varell_Fuller@fd.org, Susie_Barrera@fd.org

**Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.**